**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

TIMOTHY LEWIS FORREST                                                                                          PLAINTIFF
ADC # 106434

V.                                                      2:09-cv-00007-JLH-JJV

MOSES JACKSON, III, *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District

>   Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, while an inmate of the Arkansas Department of Correction at the East Arkansas Regional Unit, filed this *pro se* action alleging various constitutional violations. After service of process on Defendants, the Court entered an order scheduling this matter for a pre-jury evidentiary hearing on Tuesday, December 15, 2009 (Doc. No. 48). The Court was then notified by the Arkansas Department of Correction that Plaintiff had been paroled "to Monticello." Accordingly, the Court entered an Order (Doc. No. 50) on November 30, 2009, directing Plaintiff to re-submit his *in forma pauperis* affidavit reflecting his free-world status, which was mailed to the last address provided by the Plaintiff, the East Arkansas Regional Unit.

Plaintiff has not provided the Court with any other address, nor has he responded to the Court's November 30th order. Plaintiff was cautioned in the Court's last order that the failure to respond and submit his updated information could result in the dismissal of his lawsuit, and the Court's initial order informed Plaintiff of his responsibilities under Local Rule 5.5(c)(2).[1] Plaintiff

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code,

has not monitored the progress of his case nor has he provided a current address, despite having been instructed to do so.

Under these circumstances, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).  *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (Doc. No. 2) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and the scheduled hearing be cancelled.

DATED this 11th day of December, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."